UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., | Case No.:_____ |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| AMDC RECREATION, LLC, SECOND HOME HOLDINGS, INC., JESUS LOPEZ, ANNA VRICELLA, MICHELE VRICELLA and COLONY INSURANCE COMPANY, | |
| Defendants. | |

## COMPLAINT

Plaintiff STATE NATIONAL INSURANCE COMPANY, INC., ("State National"), by and through its attorneys, WADE CLARK MULCAHY LLP, alleges the following as its Complaint for Declaratory Judgment.

## THE CASE IN BRIEF

1. This is a declaratory judgment action in which State National seeks a declaration that AMDC RECREATION LLC ("AMDC") materially misrepresented the nature of its indemnification obligations when it applied for insurance such that the commercial auto insurance policy number DDM-159000006 ("State National Policy") issued by State National should be rescinded.

2. Consequently, State National also seeks a declaration that it does not owe AMDC, or any other party (including SECOND HOME HOLDINGS, INC. ("Second Home")), defense or indemnity for any and all claims arising out of the December 29, 2015 motor vehicle accident ("Accident") suffered by ANNA VRICELLA ("A. Vricella") or her resulting lawsuit against,

amongst others, AMDC and Second Home, Superior Court of New Jersey, Law Division - Passaic County, docket no. PAS-L-691-16 ("Underlying Lawsuit").

3. Additionally, State National seeks a declaration that COLONY INSURANCE COMPANY ("Colony"), which provides professional liability coverage to AMDC under policy number AP515022 ("Colony Policy"), has a duty to defend and indemnify AMDC for any and all claims arising out of the December 29, 2015 motor vehicle accident suffered by A. Vricella and the Underlying Lawsuit.

## THE PARTIES

4. State National is a Texas corporation with a principal place of business at 1900 L. Don Dodson Drive, Bedford, TX 76021, that is authorized and duly licensed to do business in New Jersey.

5. AMDC is a New Jersey corporation with a principal place of business at 717 – 727 Broadway, Newark, NJ 07104, that provides transportation services.

6. All of the members of AMDC are residents of New Jersey.

7. SECOND HOME HOLDINGS INC. ("Second Home") is a New Jersey corporation with a principal place of business at 100 Hamilton Plaza, Paterson, New Jersey 07075, that provides adult daycare services.

8. JESUS LOPEZ ("Lopez") is an employee of AMDC and resident of New Jersey.

9. Vricella resides at 204 North Haledon Avenue, North Haledon, New Jersey 07508.

10. MICHELE VRICELLA ("M. Vricella") (M. Vricella and A. Vricella collectively "Vricella") is A. Vricella's spouse and resides with her at 204 North Haledon Avenue, North Haledon, New Jersey 07508.

11. Upon information and belief, Colony is a Virginia corporation with a principal place of business at 8720 Stony Point Parkway, Suite 400, Richmond, Virginia 23235, that is authorized and duly licensed to do business in New Jersey and regularly conducts such business.

## JURISDICTION AND VENUE

12. Personal jurisdiction over AMDC is proper as it is a citizen of the State of New Jersey, and conducts business and obtained the insurance policy at issue in the State of New Jersey.

13. Personal jurisdiction over Second Home is proper as it regularly conducts business in the State of New Jersey.

14. Personal jurisdiction over Lopez is proper as he is a citizen of the State of New York who has regular and systemic contacts with the State of New Jersey.

15. Personal jurisdiction over Vricella is proper as they are citizens of the State of New York who have regular and systemic contacts with the State of New Jersey and who are seeking to have any judgment they obtain satisfied by the Policy.

16. Personal jurisdiction over Colony is proper as it is authorized and duly licensed to do business in New Jersey and regularly conducts such business there.

17. Venue is proper under 28 U.S.C. § 1391 because the Policy at issue in this action was issued in this district to a New Jersey corporation.

18. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

19. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

## FACTUAL BACKGROUND

*The Accident*

20.     On December 29, 2015, Vricella was injured while receiving care from AMDC and Second Home.

21.     Vricella alleges she was injured when she fell from her wheelchair in a van owned and operated by AMDC, from the premises of Second Home to her home ("Accident").  *See* Vricella Complaint, attached hereto as **Exhibit A**.

22.     Upon information and belief, Vricella would not have fallen from her wheelchair but for AMDC's failure to properly secure her and/or her wheelchair into the van during AMDC's loading and unloading operations.

*The Transportation Contract*

23.     On November 4, 2014, AMDC entered into a contract for transportation services with Second Home ("Transportation Contract").  *See* Transportation Contract, attached hereto **Exhibit B**.

24.     The Transportation Contract contains the following language:

> Contractor [AMDC] hereby agrees to release and hold harmless the Customer [Second Home], its employees and agents, from all claims, loss liability or expense (including attorney's fees) arising from bodily injury, property damage or death to any person or person resulting directly or indirectly for the provision of transportation services under this Contract.

*Id.*.

25.     This language constitutes a hold harmless agreement.

*The State National Policy*

26.     State National issued a commercial auto insurance policy to AMDC.  *See* State National Policy, attached hereto as **Exhibit C**.

27. The State National Policy has effective dates of November 26, 205 to November 26, 2015.

28. When AMDC applied for the State National Policy, AMDC represented that it was not a party to any hold harmless agreements.  *See* AMDC Insurance Application, attached hereto as **Exhibit D**.

29. Based on AMDC's representations that it did not have any hold harmless agreements, State National agreed to issue the State National Policy in exchange for an annual premium of $189,013.

30. If State National had known about the hold harmless agreement, it would have issued the State National Policy on materially different terms -- specifically a higher premium.

31. Subject to the State National Policy's terms and conditions, the policy provided coverage to AMDC's 1998 Ford E van, VIN # 1FDWE30L1WHC11785 ("AMDC Van").

32. When AMDC applied for the State National Policy, AMDC also represented that the AMDC van as well as seventeen (17) other vehicles in the AMDC fleet were non-wheelchair vehicles; upon information and belief, this is inaccurate and most of the AMDC fleet was comprised of wheelchair vehicles.

33. Based on AMDC's representations regarding the classification of eighteen (18) of its fleet vehicles as non-wheelchair vehicles, State National agreed to issue the State National Policy in exchange for an annual premium of $189,013.

34. If State National had known that many more of AMDC's vehicles were wheelchair vehicles, it would have issued the State National Policy on materially different terms – specifically at a higher premium.

*The Colony Policy*

35. Colony issued a miscellaneous health care facilities policy to AMDC that included professional liability coverage. *See* Colony Policy, attached hereto as **Exhibit E**.

36. The Colony Policy had effective dates of December 4, 2015 to December 4, 2016.

37. The Colony Policy provides coverage for claims of bodily injury arising out of the provision professional services in the loading and unloading of patients, residents, or clients into, onto, off, or from an auto used by the insured for transporting of their patients, residents or clients.

*The Underlying Lawsuit*

38. As a result of the Accident, Vricella commenced the Underlying Lawsuit. *See* **Exhibit A.**

39. In respect of the Underlying Lawsuit, State National is currently defending AMDC.

40. In respect of the Underlying Lawsuit, Second Home has asked State National to defend and indemnify it in the Underlying Lawsuit pursuant to the Transportation Contract. *See* Second Home Tender Letter, attached hereto as **Exhibit F**.

41. However, as AMDC never represented that it had a hold harmless agreement with Second Home -- and, in fact, specifically denied the existence of any such agreements, and as AMDC also misrepresented the classification of eighteen (18) of its vehicles, the Policy should be voided *ab initio*.

**COUNT I – MATERIAL MISREPRESENTATION REGARDING ITS INDEMNIFICATION OBLIGATIONS BY AMDC REQUIRES POLICY RESCISSION**

42. State National repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "41" inclusive, with the same force and effect as if set forth here more particularly at length.

43. When AMDC applied for the Policy, it indicated that it was not a party to any hold harmless agreements.

44. Based upon information and belief, AMDC was, contrary to its representations, a party to a hold harmless agreement when it applied for the Policy.

45. Specifically, AMDC was obligated to hold Second Home harmless pursuant to the Transportation Contract. *See* **Exhibit B**.

46. Had AMDC correctly and truthfully represented that it was obligated to hold Second Home harmless, and had State National chosen to write this account, then State National would have issued a policy that contained materially different terms and conditions.

47. In light of AMDC's misrepresentations, State National now seeks rescission of the State National Policy and a judicial declaration that the State National Policy is void *ab initio*.

48. When AMDC applied for the State National Policy, it represented that the AMDC Van, as well as seventeen (17) other AMDC fleet vehicles were non-wheelchair vehicles.

49. Had AMDC correctly and truthfully represented that the AMDC Van and other seventeen (17) AMDC fleet vehicles were wheelchair vehicles, and had State National chosen to write this account, then State National would have issued a policy that contained materially different terms and conditions.

50. In light of AMDC's misrepresentations, State National now seeks rescission of the State National Policy and a judicial declaration that the State National Policy is void *ab initio*.

**WHEREFORE**, State National demands judgment against defendant AMDC as follows:

a. Rescission of the State National Policy;

b. A declaration that the State National Policy is void *ab initio*;

    c.   A declaration that, in light of the State National Policy's rescission, State National shall return all premiums paid by AMDC during all State National Policy terms to AMDC;

    d.   A declaration that, because the State National Policy is void *ab initio*, State National does not have a duty to defend or indemnify AMDC or Second Home in the Underlying Lawsuit;

    e.   Interests, costs, and disbursements of this action; and

    f.   Such other, further and different relief as this Court deems just and proper.

## COUNT II – COLONY HAS A DUTY TO DEFEND AND INDEMNIFY AMDC

51.    State National repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "50" inclusive, with the same force and effect as if set forth here more particularly at length.

52.    The Colony Policy, at LMSCPP-0912, Common Policy Provisions, Section I – Defense, 1., states: "We will have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies.  *See* **Exhibit E**.

53.    The Colony Policy, at LMS0001-0912, Section 1 - Insuring Agreement, 1. Insuring Agreement D – Professional Liability, states: "We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as 'damages' because of a 'wrongful act' to which this insurance applies.  This insurance applies to 'wrongful acts' but only if the 'damages' arise out of a 'wrongful act' in the conduct of the insured's 'professional services'" and "the 'wrongful act' occurs during the 'policy period'".  *See* **Exhibit E**.

54.    The Colony Policy, at LMSCPP-0912, Common Policy Provisions, Section VII – Definitions, defines "wrongful act" as "an act, error or omission in the rendering of or failure to render "professional services" by any insured covered under this Policy and performing the

operations described under BUSINESS DESCRIPTION in the Declarations including an act, error or omission resulting in the violation of any right guaranteed to your residents under state or federal law or guidelines regulating your business as a resident health facility". *See* **Exhibit E**.

55. The Colony Policy, at U639-0912, Loading and Unloading Coverage Extension, defines "professional services" as "assisting, handling, placing or transferring patients, residents or clients via wheelchair, stretcher or on foot, into, onto, off, to or from an 'auto' used by the insured for the transporting of their patients, residents or clients". *See* **Exhibit E**.

56. This wording provides coverage for an act, error or omission when assisting, handling, placing or transferring patients, residents or clients via wheelchair, stretcher or on foot, into, onto, off, to or from an 'auto' used by the insured for the transporting of their patients, residents or clients.

57. Upon information and belief, but for AMDC's act, error or omission when placing Vricella via wheelchair into the AMDC Van, Vricella would not have fallen from her wheelchair as alleged in the Underlying Lawsuit.

58. Accordingly, Colony has a duty defend and indemnify AMDC for any and all claims arising out of the December 29, 2015 motor vehicle accident suffered by A. Vricella and the resulting Underlying Lawsuit.

**WHEREFORE**, State National demands judgment against defendant Colony as follows:

a. A declaration that Colony has a duty to defend AMDC on a primary basis in the Underlying Lawsuit;

b. A declaration that Colon has a duty to indemnify AMDC on a primary basis in the Underlying Lawsuit;

c. Interests, costs, and disbursements of this action; and

    d.   Such other, further and different relief as this Court deems just and proper.

Dated: Springfield, NJ
December 26, 2017

WADE CLARK MULCAHY LLP

*/s/ Robert J. Cosgrove*
_____
Robert J. Cosgrove, Esq.

*/s/ Hillary Ladov*
_____
Hillary Ladov, Esq.
Attorneys for State National
955 South Springfield Avenue
Springfield, NJ 07081
973.258.1700
267.565.1236 (Fax)
WCM #: 322.10766